NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL RAY LOYD, | No. 24-2374 |
| Plaintiff - Appellant, | D.C. No. 5:21-cv-01817-SPG-SHK |
| v. | |
| V. ALVAREZ, M.D.; W. PAYNE; BRYANT, Sgt., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted December 17, 2025**

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

California state prisoner Daniel Ray Loyd appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging deliberate indifference to his health and safety. We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Loyd failed to exhaust administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit and describing limited circumstances under which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that exhaustion requires "using all steps that the agency holds out, and doing so *properly*" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

24-2374